DEXTER FOLDER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7824.   Promulgated March 30, 1927.

   1. Commissioner's reduction of invested capital on account of expired patents approved.

   2. Good will which petitioner claims attached to patents and remained with their owner even after the expiration of the patents may not be included in invested capital.

*F. M. Goodwin, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the calendar year 1919 in the amount of $8,447.20. Two errors were alleged in the petition but at the hearing the allegation as to depreciation of patents was abandoned, leaving in issue only the question whether error was committed by the respondent in excluding from invested capital the amount of $77,318.64, claimed to represent the cost of expired patents. The case was submitted on the pleadings.

#### FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office in New York City.

In determining the deficiency in tax for 1919 the Commissioner deducted several items from invested capital reported, including one in the amount of $77,318.64 designated in the computation of tax as " patents expired."

#### OPINION.

ARUNDELL: A patent " is, of necessity, a wasting asset." *Appeal of Union Metal Manufacturing Co.,* 1 B. T. A. 395, 398. In the

*Appeal of Northeastern Oil & Gas Co.*, 5 B. T. A. 332, we held that invested capital for the taxable year should be reduced on account of exhaustion of franchises, which, under section 326 of the Revenue Act of 1918, are in the same category as patents. We said there in part, that—

By the very nature of these franchises, they are invariably subject to exhaustion because the life thereof is of limited duration. Unlike exhaustion in the case of such items as machinery and equipment, which may be arrested through betterments and replacements, exhaustion in the case of franchises is definite and certain and can not be stayed. The passing of each year means the franchises have one year less of life to run and marks a proportionate loss of the capital invested in them.

The exhaustion of assets is reflected in earned surplus and must be reckoned with before the correct amount of earned surplus to be included in invested capital can be determined. *Appeal of Alexandria Paper Co.*, 3 B. T. A. 239. In the *Appeal of Winsor & Jerauld Mfg. Co.*, 2 B. T. A. 22, we approved the action of the Commissioner in refusing to allow the restoration to invested capital of the cost of patents which had expired and had been written off the taxpayer's books prior to the taxable year involved.

It was urged in argument in this appeal that a certain good will grew up by virtue of the ownership of the patents and remained with their owner even after their expiration. Even if this contention be correct, such good will may not be included in invested capital. See *Providence Mill Supply Co.*, 2 B. T. A. 791.

> *Judgment will be entered after 15 days' notice, under Rule 50.*